ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 29, 2013

The Honorable William A. Callegari, P.E.　　Opinion No. GA-0984
Chair, Committee on Government
　Efficiency and Reform　　　　　　　　Re: Whether a junior college district is considered
Texas House of Representatives　　　　　to be a "school district" for purposes of section
Post Office Box 2910　　　　　　　　　395.022, Local Government Code, which relates to
Austin, Texas 78768-2910　　　　　　　the payment of impact fees to a political subdivision
　　　　　　　　　　　　　　　　　　　(RQ-1076-GA)

Dear Representative Callegari:

You ask whether a junior college district is a "school district" under subsection 395.022(b) of the Local Government Code.[1] Enacted in 2007,[2] subsection (b) reads in relevant part:

> A school district is not required to pay impact fees imposed under this chapter unless the board of trustees of the district consents to the payment of the fees by entering a contract with the political subdivision that imposes the fees. . . .

TEX. LOC. GOV'T CODE ANN. § 395.022(b) (West Supp. 2012); see id. § 395.001(4) (West 2005) (defining "impact fee"). Subsection (b) thus serves as an exception to the general requirement that political subdivisions and other governmental entities may be subject to impact fees. Id. § 395.022(a) (West Supp. 2012). As a political subdivision, a city may impose such fees against new development on land within its corporate boundaries. Id. § 395.011(b) (West 2005). According to the Request Letter, the City of Weatherford (the "City") contends that subsection (b) applies to independent school districts only and that junior college districts are excluded from the meaning of "school district" in subsection (b). Request Letter at 2–3.

---

[1]Letter from Honorable William A. Callegari, P.E., Chair, House Comm. on Gov't Efficiency & Reform, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 8, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]See Act of May 11, 2007, 80th Leg., R.S., ch. 250, § 1, 2007 Tex. Gen. Laws 356, 356 (enacting subsection 395.022(b) of the Local Government Code).

When examining a statute, we strive to give effect to the Legislature's intent as expressed in the statute's plain language. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). In doing so, we must constrain our analysis to the language of the statute, for every word or phrase is "presumed to have been intentionally used with a meaning and a purpose." *In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012).

Chapter 395 does not define "school district." Several different forms of school district exist under Texas law.[3] Subsection 395.022(b) does not specify one particular form of school district but refers to "school districts" generally. Further, chapter 395 does not offer any clear contextual guidance from which a court could determine the term's meaning or scope. *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011) (using the "surrounding statutory landscape" as an aid to statutory construction).

Outside of chapter 395, the Local Government Code varies in its treatment of junior college districts in relation to "school districts." *Compare* TEX. LOC. GOV'T CODE ANN. § 245.001(2) (West 2005) (defining "political subdivision" to include simply "a school district"), *and id.* § 271.151(3)(B) (defining "local governmental entity" to include both a "public school district" and a "junior college district"), *with id.* § 271.003(9) (West Supp. 2012) (defining "school district" to include a "junior college district"). Thus, nothing in chapter 395 or the Local Government Code indicates whether the Legislature intended the term "school district" to include junior college districts.

Outside the Local Government Code, the Legislature has clearly indicated that junior college districts are school districts. According to subsection 130.122(f) of the Education Code, "[e]ach junior college district . . . heretofore or hereafter created pursuant to the laws of this state, is hereby declared to be, and constituted as, *a school district* within the meaning of Article VII, Section 3, of the Texas Constitution." TEX. EDUC. CODE ANN. § 130.122(f) (West 2002) (emphasis added)[4]; *see* TEX. CONST. art. VII, § 3(d) (authorizing the Legislature to form "school districts by general laws").

---

[3]*See generally* TEX. EDUC. CODE ANN. § 45.111(*l*) (West 2006) (providing that "the governing body of a common school district is the commissioners court of the county [and,] [t]he governing body of an independent school district, a rural high school district, or a junior college district is its board of trustees"). In addition to independent school districts, common school districts serve the primary educational needs of the state at the county level. *See, e.g.*, TEX. EDUC. CODE ANN. §§ 11.301(a) (West Supp. 2012) (providing that common school districts may continue to operate under former chapter 22 of the Education Code), 22.01–App. (West 2006), 45.001 (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. §§ 116.054(a)(2) (West 2008), 271.021(2)(B) (West 2005). Examples of current common school districts include the Guthrie Common School District, Ramirez Common School District, Terlingua Common School District, Crockett County Consolidated Common School District, and Kenedy Countywide Common School District. Further, special school districts can be established with the same rights as independent school districts when the "educational needs of [certain students] are not adequately met by regular school districts." TEX. EDUC. CODE ANN. § 11.351(a)–(b) (West 2006).

[4]In 1963, the Texas Supreme Court held in *Shepherd v. San Jacinto Junior College District* that the Texas Constitution's ad valorem taxation authorization for "school districts" under article VII, section 3 includes junior college districts. *Shepherd*, 363 S.W.2d 742, 747 (Tex. 1962). Six years later, the Legislature formally adopted the Education Code, including the language in chapter 130, which closely resembles the court's language in *Shepherd*. Act of June 2, 1969, 61st Leg., R.S., ch. 889, § 1.01, 1969 Tex. Gen. Laws 2735, 2991–3024.

Thus, the plain language of subsection 130.122(f) places junior college districts within the meaning of the statutory term "school district." The Legislature could, of course, exclude junior college districts from the term "school district" for purposes of a particular statute. As explained above, however, chapter 395 contains no language indicating the Legislature intended to do so.[5]

If the Legislature wanted to limit subsection 395.022(b) to only independent school districts, it could have clearly expressed that intent in the statutory language. *See Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 789 (Tex. 2011). Courts, and by extension this office, must enforce the law as written and "refrain from rewriting text that lawmakers chose." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). Given the plain language of the statute and the Legislature's treatment of junior college districts under chapter 130 of the Education Code, a court would likely conclude that the term "school district" as used in subsection 395.022(b) includes junior college districts.

---

[5]You note that Senator Bob Deuell asserted in the statement of intent for Senate Bill 883 that subsection 395.022(b) "exempts *independent* school districts from impact fees." Request Letter at 2. One legislator's statement does not determine legislative intent, even if made by the legislation's author. *AT&T Commc'ns of Tex., L.P. v. Sw. Bell Tel. Co.*, 186 S.W.3d 517, 528–29 (Tex. 2006). In any event, Senator Duell's statement does not rule out the possibility that, in the Senator's view, subsection 395.022(b) also exempts other kinds of school districts. You also argue that the reference to Senator Deuell's statement of intent in Attorney General Opinion GA-0821 supports the conclusion that only independent school districts are excluded from paying impact fees under subsection 395.022(b). Request Letter at 2. That opinion, however, does not address the question of which school districts are exempt from paying impact fees. The opinion neither states nor implies that *only* independent school districts are exempted from paying impact fees.

## S U M M A R Y

A court would likely conclude that the term "school district" as used in subsection 395.022(b) of the Local Government Code includes junior college districts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee